IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AURELIO GALLEGOS-PALAFOX,

    Petitioner,

vs.

BRAD HANSEN,

    Respondent.

8:16CV291

MEMORANDUM AND ORDER

This matter is before the court on Petitioner Aurelio Gallegos-Palafox's ("Petitioner") Petition for Writ of Habeas Corpus. ([Filing No. 1](#).) For the reasons that follow, Petitioner's habeas petition is dismissed with prejudice.

## I.    BACKGROUND

### A.    Conviction and Sentence

Petitioner's convictions arise out of a plea agreement. Prior to the plea agreement, he was charged with three counts of first degree sexual assault, each a Class II felony, and one count of first degree sexual assault of a child, a Class IB felony, in the Platte County District Court ("state district court"). ([Filing No. 11-12 at CM/ECF pp.2–3](#); *see also* [Filing No. 11-3 at CM/ECF pp.1–4](#).) As a result of the plea agreement, Petitioner pled guilty to one count of first degree sexual assault, a Class II felony, and one count of incest, a Class III felony. ([Filing No. 11-12 at CM/ECF pp.4–5](#); [Filing No. 11-16 at CM/ECF pp.46–69](#).) In exchange for his pleas, the State dismissed the other pending charges and agreed not to make a specific sentencing recommendation. ([Filing No. 11-16 at CM/ECF pp.46–69](#).)

The factual basis for the pleas established that on April 14, 2011, 16-year-old S.L. reported that she had been raped by her stepfather, Petitioner, at their

house in Columbus, Nebraska. (*Id*. at CM/ECF pp.63–65.) S.L. told police that it happened just the night before, and it also happened two days earlier. (*Id*.) On both occasions, according to S.L., Petitioner came into her bedroom and she told him to leave, but he refused and raped her on the floor of her bedroom as she closed her eyes and covered her face with her hands. (*Id*.) S.L. reported that it occurred against her will, but she was afraid to yell or fight back because she did not want to hurt her mother who was in the residence. (*Id*.) Police also spoke with Petitioner about the allegations and he initially denied having any intercourse with S.L., but eventually admitted that he had sexual intercourse involving penetration with her twice within the past week. (*Id*.)

After the factual basis was provided, the following exchange occurred between the district court and the prosecutor:

> THE COURT: And the State's evidence, I take it, Ms. Herman, would show that the sexual penetration that you have described today was without the consent of the victim; is that correct?
>
> MS. HERMAN: Yes. The victim indicated she was not willing, but was afraid to fight back.

(*Id*. at CM/ECF p.65).

The district court then asked Petitioner if the factual basis was true and accurate, and Petitioner said yes. (*Id*.) The court asked Petitioner if he had discussed his case with his attorney, including any potential defenses that might be available, and Petitioner said yes. (*Id*. at CM/ECF p.63.) The court also spoke with Petitioner's attorney, who said that he was aware of no reason the court should not accept Petitioner's guilty pleas and that the pleas were consistent with the evidence. (*Id*. at CM/ECF p.66.) Following this discussion, the court accepted

2

Petitioner's pleas and subsequently sentenced him to an aggregate period of 20 to 30 years' imprisonment. (*Id*. at CM/ECF pp.66–67, 80–81.)

B.   **Direct Appeal ("*Gallegos-Palafox I*")**

A direct appeal was not initially filed, but Petitioner subsequently filed a motion for postconviction relief and was awarded a new direct appeal due to his trial counsel's failure to file a direct appeal. (Filing No. 11-12 at CM/ECF pp.9–13.) Petitioner then filed a direct appeal with the assistance of a new attorney and the sole assignment of error on appeal was excessive sentence. (Filing No. 11-6 at CM/ECF p.5.) The Nebraska Court of Appeals rejected Petitioner's claim and entered a 1-page order granting the State's motion for summary affirmance. (Filing No. 11-1.)

C.   **Postconviction Proceeding and Appeal ("*Gallegos-Palafox II*")**

Petitioner subsequently filed a second motion for postconviction relief in the state district court on January 5, 2015. (Filing No. 11-13 at CM/ECF pp.2–19.) Petitioner alleged that his direct appeal counsel was ineffective in two respects. First, he alleged that his appellate counsel was ineffective for failing to assign as error that the factual basis was insufficient to support his plea to first degree sexual assault given that the factual basis did not establish that the sex was nonconsensual. (Filing No. 11-3 at CM/ECF p.5.) Second, Petitioner alleged appellate counsel was ineffective for failing to assert that trial counsel was ineffective for (a) not advising him that consent is a defense to first degree sexual assault, (b) advising him to waive his preliminary hearing, (c) advising him to plead guilty without first conducting minimal investigation, such as deposing S.L., and (d) advising him to plead despite a record of consent. (*Id*.)

3

The state district court denied Petitioner's postconviction motion without an evidentiary hearing. (Filing No. 11-13 at CM/ECF pp.25–32.) Petitioner appealed, and the Nebraska Court of Appeals affirmed the district court's judgment. (Filing No. 11-3.) The Nebraska Court of Appeals concluded that all of Petitioner's claims were without merit, and thus, they were properly denied without an evidentiary hearing. (*Id*.) Petitioner sought further review in the Nebraska Supreme Court, which the Court denied on June 8, 2016. (Filing No. 11-4.)

D.     **Habeas Petition**

Petitioner timely filed his Petition in this court on June 22, 2016.[1] (Filing No. 1.) In response to the Petition, Respondent filed an Answer, a Brief, and the relevant state court records. (Filing Nos. 11, 13, 14.) Petitioner filed a Brief in Response to Respondent's Answer and Request for an Evidentiary Hearing. (Filing Nos. 19, 22.) Respondent filed a reply brief. (Filing No. 23.) This matter is fully submitted for disposition.

## II.    DISCUSSION

Liberally construed, Petitioner's habeas petition contains the same two claims attacking counsel's representation on direct appeal that he raised in his most recent postconviction proceeding in state court. (*See* Part I.C. *supra*.)  First,

---

[1] There is no dispute that Petitioner's habeas petition is timely since the one-year limitations period under 28 U.S.C. § 2244(d)(1) did not begin to run until the conclusion of his reinstated direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113 (2009) (concluding that where a state court during a collateral proceeding reinstates a defendant's right to file an "out-of-time" direct appeal, the one-year limitations period under 28 U.S.C. § 2244(d)(1) does not begin to run until the date on which the new direct appeal becomes final).

4

Petitioner argues that appellate counsel was ineffective because counsel failed to raise on direct appeal the sufficiency of the factual basis to support his plea. Second, Petitioner claims that appellate counsel was ineffective for failing to raise on direct appeal the following claims of ineffective assistance of trial counsel: (1) trial counsel failed to advise Petitioner that consent was a defense; (2) trial counsel advised Petitioner to waive preliminary hearing; (3) trial counsel advised Petitioner to plead guilty without first investigating; and (4) trial counsel advised Petitioner to plead guilty despite proof of consent. The Nebraska state courts adjudicated each of these claims on the merits and so the court's analysis is governed by the provisions set forth in 28 U.S.C. § 2254(d).

**A.     Standard Under 28 U.S.C. § 2254(d)**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405–06. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

5

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* Indeed, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–

combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496–97 (8th Cir. 2011) (internal quotation marks and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id*. at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id*. Similarly, the Supreme Court wrote:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 562 U.S. at 98.

Here, because Petitioner argues his counsel was ineffective, the court must address Petitioner's arguments under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

**B.**   *Strickland* **Standard**

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the

7

petitioner's defense. *Id*. at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id*. at 687–88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Strickland*, 466 U.S. at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. *Id*. at 123. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable–a substantially higher threshold. . . . And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id*. (internal quotation marks and citations omitted).

### C. Sufficiency of Factual Basis for Plea

Petitioner first claims that his appellate counsel was ineffective for failing to challenge the sufficiency of the factual basis for his plea to first degree sexual assault. ([Filing No. 1 at CM/ECF p.5](#).) Here, just as he did in his state postconviction proceeding, Petitioner argues that the factual basis given at the plea hearing demonstrates that the sexual penetration was consensual. In addressing this claim, the Nebraska Court of Appeals set forth the statutory elements for the offense of first degree sexual assault and concluded that the factual basis satisfied each of the elements, including lack of consent. ([Filing No. 11-3 at CM/ECF pp.10–12](#).) As the Court of Appeals explained:

> The factual basis established that Gallegos-Palafox entered his 16-year-old stepdaughter S. L.'s bedroom, she asked him to leave, but he did not. S.L. did not yell for help as she did not want to hurt her mother who was in the residence. She lay down on the floor, closed her eyes, and placed her arms over her head. When Gallegos- Palafox asked her to uncover her face, she refused. Following inquiry from the court, the prosecutor further stated that the factual basis would indicate that S. L. did not consent, she was an unwilling participant, and she was afraid to fight back. A similar incident occurred two days prior. Gallegos-Palafox admitted to having sexual intercourse involving penetration twice on the floor of S.L.'s bedroom within the previous week.
>
> At the plea hearing, Gallegos-Palafox told the district court that he was pleading guilty because he was guilty. After the State provided the factual basis, he acknowledged that the factual basis was true and accurate and informed the court that he still wished to plead guilty.

9

The factual basis shows S.L.'s lack of consent through both her words and conduct. We find no error in the district court's determination that Gallegos-Palafox's guilty plea to first degree sexual assault was supported by a sufficient factual basis.

Because Gallegos-Palafox has not shown that the factual basis was insufficient to support his plea to the charge of first degree sexual assault, he cannot show a reasonable probability that the result of the direct appeal would have changed had his appellate counsel raised this issue. Accordingly, the district court did not err in failing to grant an evidentiary hearing on this issue. This assignment of error is without merit.

(*Id.* at CM/ECF pp.11–12.)

The Nebraska Court of Appeal's findings of fact and conclusions of law are entitled to deference. Petitioner has not shown that the Nebraska Court of Appeal's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that the court reached "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Indeed, the record clearly demonstrates that the victim, Petitioner's stepdaughter, did not consent to have sex with Petitioner.[2] This claim has no merit, and a grant of a writ of habeas corpus is not warranted on this issue.

---

[2] The court's conclusion is based upon consideration of the relevant portions of the presentence investigation report ("PSR") cited by Petitioner in his Brief in Response to Respondent's Answer. (Filing No. 19.) As Respondent noted in his answer, the Nebraska Court of Appeals likewise considered the information cited by Petitioner in the PSR when it rejected Petitioner's assertion that the PSR showed the sexual intercourse was consensual. (*See* Filing No. 11-3.)

### D. Ineffective Assistance of Trial Counsel

Petitioner's second claim rests on appellate counsel's alleged failure to raise on direct appeal the ineffectiveness of Petitioner's trial counsel. As set forth above, Petitioner's four claims of ineffective assistance of trial counsel are intertwined with Petitioner's overarching claim regarding the insufficiency of the factual basis supporting his guilty plea with respect to the element of lack of consent. Each claim, along with the Nebraska Court of Appeals' findings with respect to each claim, is set forth in greater detail below.

#### 1. Consent as a Defense

Petitioner argues that his trial counsel was ineffective for failing to advise him that consent is a defense to first degree sexual assault and, if Petitioner had known that, he would have not plead guilty to the sexual assault charge, but rather proceeded to trial. ([Filing No. 19 at CM/ECF p.21](#).) In rejecting this claim, the Nebraska Court of Appeals found that the record reflects that Petitioner was, in fact, advised during the plea hearing that lack of consent was an element of the offense, and Petitioner himself acknowledged that he understood the allegations and that the State's factual basis was true and accurate. ([Filing No. 11-3 at CM/ECF p. 13](#).) The Court of Appeals also concluded that this claim was without merit because Petitioner's self-serving declarations were insufficient to establish that he would have insisted on going to trial rather than entering his pleas given the evidence against him and the fact that he would have been facing a maximum penalty of life in prison and a mandatory minimum sentence of 15 years if he had gone to trial on the original charges. (*Id*[. at CM/ECF pp.13–14](#).)

#### 2. Waiver of Preliminary Hearing

Petitioner argues that trial counsel was ineffective for advising him to waive his right to a preliminary hearing because, if a preliminary hearing had been held, the State could not have established probable cause to believe Petitioner committed first degree sexual assault. Again, Petitioner claims that the evidence in the record shows that the sexual penetration that occurred was consensual. ([Filing No. 19 at CM/ECF p.27](#).)

The Nebraska Court of Appeals rejected Petitioner's argument, noting that Petitioner had been informed of his right to a preliminary hearing by the state district court both at his initial arraignment and his arraignment on the amended information, Petitioner acknowledged that he understood his right, and chose to waive it after having consulted with his attorney on the matter. ([Filing No. 11-16 at CM/ECF pp.33–34](#), [48–50](#).) The Nebraska Court of Appeals further held that Petitioner's claim lacked merit because the purpose of a preliminary hearing is to ascertain whether probable cause exists to believe the accused committed the offense in question, and such a showing would have obviously been made here because the same factual basis that supported Petitioner's guilty plea would have established probable cause at a preliminary hearing. ([Filing No. 11-3 at CM/ECF pp. 15–18](#).) The Court of Appeals also specifically rejected Petitioner's assertion that a document in the presentence investigation report ("PSR") pertaining to the victim's medical history establishes that the sexual intercourse was consensual. In rejecting this assertion, the Court of Appeals wrote:

> Gallegos-Palafox directs our attention to certain information found in the PSR that he alleges shows the sexual penetration was consensual. He refers to a victim's medical history and assault information form document, which includes a section with "Yes" and "No" checkboxes following the question of "Was any coercion used?"

12

> The form document in this case is marked "No." The document also includes checkboxes to indicate whether any coercion was in form of a "Knife," "Gun," "Choke," "Fists," "Verbal Threats," "Physical Restraint," or "Other." The form also includes a space for the victim's description of the alleged assault, which reads "4-13-2011 victim in room step father entered her bedroom stated 'let's do this' she tried to hide but he would not leave so she layed [sic] down on floor and gave up." We do not read the information provided on this form document as an indication that the sexual penetration in this case was consensual. Rather, the form simply shows that none of the particular coercive measures listed on the form were used by Gallegos-Palafox against S.L. The other information received in the document is consistent with the description of events reflected in the factual basis recited at the plea hearing, with the notation about S.L. trying to hide being another indication via conduct that the encounter was nonconsensual. In short, we have already determined that the factual basis was sufficient to show the sexual penetration that occurred was nonconsensual, and Gallegos-Palafox has not pointed to information showing otherwise.

(*Id.* at CM/ECF pp.16–17.)

### 3. Failure to Investigate

Petitioner next claims that his trial counsel was ineffective for failing to investigate and depose the victim, S.L. The Nebraska Court of Appeals found no merit in Petitioner's argument that further investigation would have shown S.L. consented to have sex with Petitioner as Petitioner failed to identify or allege any other evidence showing consent, other than the medical history in the PSR which the Court of Appeals had already concluded did not suggest consensual sex. (*Id.* at CM/ECF pp.18–19.)

13

The Nebraska Court of Appeals also determined "that the decision not to depose S.L. was a tactical decision" based on the evidence in the record which reflected that the State's plea agreement was contingent on the defense not deposing S.L. in the presence of Petitioner. (*Id*. at CM/ECF pp.19–20; *see also* Filing No. 11-16 at CM/ECF p.1.) The Court of Appeals cited to a letter from Petitioner's trial counsel to Petitioner, in which trial counsel noted that they opted not to depose S.L. for this very reason. (Filing No. 11-3 at CM/ECF pp.19–20; *see also* Filing No. 11-16 at CM/ECF p.16.) The Court of Appeals concluded that this was a reasonable strategy by trial counsel, especially in light of the letter reflecting that Petitioner and trial counsel agreed on the decision. (Filing No. 11-3 at CM/ECF pp.19–20.)

### 4. Advice to Plead Guilty

In his final claim, Petitioner argues that trial counsel was ineffective for advising Petitioner to accept the plea agreement and plead guilty to first degree sexual assault. (Filing No. 19 at CM/ECF p.36.) The Nebraska Court of Appeals concluded that this claim was without merit because, as with the prior claims, it was predicated on Petitioner's faulty assertion that the factual basis was insufficient to establish that the sexual intercourse was nonconsensual. (Filing No. 11-3 at CM/ECF pp.20–21.) The Nebraska Court of Appeals reiterated that the factual basis was sufficient, as well as the fact that Petitioner greatly benefitted from the plea agreement. In light of all the evidence, the Court of Appeals concluded that Petitioner failed to establish that he was prejudiced by his trial counsel's advice to accept the plea offer and, thus, his appellate counsel was not ineffective for failing to raise this issue on appeal. (*Id*.)

14

### 5. Application of the Deferential Standards of Review under 28 U.SC. § 2254(d) and *Strickland*

With respect to each of Petitioner's four claims of ineffective assistance of trial counsel, the Nebraska Court of Appeals' findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. The Nebraska courts' decisions on Petitioner's claims do not conflict with Supreme Court precedents and were not based on an unreasonable determination of the facts in light of the evidence. Moreover, in light of the especially deferential standard under *Strickland*, the Nebraska state courts' decisions were reasonable and, after careful review of the record, the court agrees with them.

The record reflects that Petitioner had spoken with his counsel regarding the charges against him and that he was informed of the elements of first degree sexual assault, including lack of consent. (Filing No. 11-16 at CM/ECF pp.54–55, 105.) Contrary to Petitioner's assertions, the record also contains evidence that Petitioner and his trial counsel did discuss the decision to waive Petitioner's right to a preliminary hearing and the reasons for such decision. (*Id*. at CM/ECF pp.105, 115–16.) Most significantly, the evidence contained within the record overwhelmingly supports the Nebraska state courts' conclusion that the factual basis supporting Petitioner's plea of guilty to first degree sexual assault established that the sexual penetration was without S.L.'s consent. This alone refutes all of Petitioner's claims given that they are all contingent upon his assertion that his stepdaughter consented to have sex with him. Petitioner's argument to the contrary is wholly unsupported by the record and is without merit. Accordingly, a grant of a writ of habeas corpus is not warranted on Petitioner's second claim.

## III. PENDING MOTIONS

Petitioner filed a motion seeking additional state court records, specifically the state district court's original PSR. ([Filing No. 12](#).) As the court noted in footnote 2, *supra*, Petitioner included the requested materials with his Brief in Response to Respondent's Answer ([Filing No. 19](#)) and the court considered those materials in reaching its decision. Accordingly, Petitioner's Motion to Request Additional Documents ([Filing No. 12](#)) is denied as moot.

Petitioner also filed a request for an evidentiary hearing. ([Filing No. 22](#).) In light of the court's conclusion with respect to Petitioner's habeas petition, Petitioner's request for an evidentiary hearing is denied.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. [28 U.S.C. § 2253(c)(1)](#); [28 U.S.C. § 2253(c)(2)](#); [Fed. R. App. P. 22(b)(1)](#). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in [*Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)](#).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the claims raised in Petitioner's petition are debatable among reasonable jurists, that a court could resolve the claims differently, or that the claims deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THERFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus ([Filing No. 1](#)) is dismissed with prejudice.

2. Petitioner's Motion to Request Additional Documents ([Filing No. 12](#)) is denied as moot.

3. Petitioner's Request for an Evidentiary Hearing ([Filing No. 22](#)) is denied.

4. The court will not issue a certificate of appealability.

5. The court will enter a separate judgment in accordance with this Memorandum and Order.

Dated this 16th day of November, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge